IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WANDA OTTMAN,

                Plaintiff,

v.

WELLS FARGO BANK. N.A.,

                Defendant.

Case No. 24-CV-2014-DDC-TJJ

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Require Plaintiff to Prosecute This Action in Her Legal Name, Alter the Case Caption and Re-File an Unredacted Version of the State Court Records (ECF No. 6). In the case, Plaintiff alleges Defendant violated the Electronic Funds Transfer Act by failing to reimburse Plaintiff after a fraudulent and unauthorized electronic funds transfer was executed between Plaintiff's personal credit card and checking accounts. Prior to removal, the state court granted Plaintiff's oral motion to proceed under a pseudonym. In the Notice of Removal and other pleadings filed in the case to date, Defendant has used Plaintiff's initials and redacted Plaintiff's name, in accordance with the state court's order. Defendant now requests the Court enter an order requiring Plaintiff to prosecute this action in her legal name, altering the case caption, and for leave to re-file the state court record pursuant to D. Kan. Rule 81.2 without redactions.

Plaintiff, proceeding *pro se*, filed a response (ECF No. 11) in opposition to Defendant's motion. Plaintiff argues Defendant had no objection to Plaintiff proceeding by a pseudonym in the state court proceedings and Defendant only objects now after considering it an advantageous

litigation strategy to force Plaintiff to proceed under her legal name solely to harass, embarrass, and oppress Plaintiff and force Plaintiff to withdraw from this lawsuit. Plaintiff contends this course of action would have a chilling effect on Plaintiff and similarly situated plaintiffs who have been victimized and merely seek justice through accessing the court system.

An adult party proceeding under a pseudonym in federal court is an unusual procedure that is not contemplated by the Federal Rules of Civil Procedure.[1] To the contrary, Rule 10(a) requires that the title of a complaint "must name all the parties," and Rule 17(a) prescribes that an action be prosecuted "in the name of the real party in interest." The public has an "important interest in access to legal proceedings," so "[o]rdinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials."[2]

However, like other courts, the Tenth Circuit has "recognized that there may be exceptional circumstances warranting some form of anonymity in judicial proceedings" and adopted the following standard:

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.[3]

---

[1] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) ("Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'"); *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998) ("The use of pseudonyms concealing plaintiffs' real names has no explicit sanction in the federal rules").

[2] *Femedeer*, 227 F.3d at 1246.

[3] *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

In making this determination, the court must exercise "informed discretion," weighing the claimed privacy interest of the party seeking to proceed anonymously against the public's interest in open court proceedings.[4]

The Court finds the nature of this case and allegations therein do not constitute "exceptional circumstances" for allowing Plaintiff to proceed anonymously or under a pseudonym. Plaintiff alleges Defendant violated the Electronic Funds Transfer Act by failing to reimburse Plaintiff after a fraudulent and unauthorized electronic funds transfer was executed between Plaintiff's personal credit card and checking accounts. These allegations do not rise to the level to overcome the well settled presumption against party pseudonymity. Plaintiff has not shown the need for anonymity outweighs the public interest in favor of openness of court proceedings. The Court further finds Defendant's consenting and not objecting to Plaintiff's request to proceed by the pseudonym "W.O." in the state court proceeding prior to removal does not foreclose Defendant from now requesting that Plaintiff be required to prosecute in her real name in federal court.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Require Plaintiff to Prosecute This Action in Her Legal Name, Alter the Case Caption and Re-File an Unredacted Version of the State Court Records (ECF No. 6) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff is ordered to prosecute this action in her legal name going forward and the case caption of all further pleadings and filings shall reflect Plaintiff's real name. Defendant is further ordered to re-file the state court records without redaction of Plaintiff's real name, but maintaining any redaction required by Fed. R. Civ. P. 5.2(a).

IT IS SO ORDERED.

A copy of this Order shall be sent to the Plaintiff by U.S. mail and email.

---

[4] *Zavaras*, 139 F.3d at 803.

Dated February 20, 2024, at Kansas City, Kansas.

_/s/ Teresa J. James_
Teresa J. James
U. S. Magistrate Judge