IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WANDA OTTMAN,

                Plaintiff,

v.

WELLS FARGO BANK, NA,

                Defendant.

Case No. 24-2014-DDC-TJJ

## MEMORANDUM AND ORDER

This matter comes to the court on plaintiff's Motion to Dismiss (Doc. 16) and Amended Motion to Dismiss (Doc. 17). The court must deny these motions as moot because plaintiff's voluntary dismissal of the case has rendered them moot and stripped the court of jurisdiction. The court explains, below.

Plaintiff[1] filed the present case in the District Court of Johnson County, Kansas. The presiding state court judge granted leave for plaintiff to proceed using her initials, "W.O." Doc. 1-2 at 2. After defendant removed the case to federal court, it filed a Motion to Require Plaintiff

---

[1] Plaintiff has filed this lawsuit pro se. Generally, courts must construe pro se pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings "liberally" and hold them to "a less stringent standard than formal pleadings drafted by lawyers"). But here, although plaintiff proceeds pro se, she asserts that she is a "government attorney," Doc. 11 at 2, and defendant notes that plaintiff is "an attorney licensed in Florida and South Carolina," Doc. 6 at 3. Our Circuit "has repeatedly declined to extend the benefits of liberal construction to pro se pleadings filed by attorneys who have chosen to represent themselves." *Tatten v. City & Cnty. of Denver*, 730 F. App'x 620, 624–25 (10th Cir. 2018) (citations omitted); *see also Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) ("While we generally construe pro se pleadings liberally, the same courtesy need not be extended to licensed attorneys." (citations omitted)). Consistent with this governing authority, the court doesn't apply the liberal construction standard to plaintiff's filings here.

to Prosecute This Action in Her Legal Name (Doc. 6).  Plaintiff responded (Doc. 11).  On February 20, 2024, United States Magistrate Judge Teresa J. James granted defendant's motion, finding that "the nature of this case and allegations therein do not constitute 'exceptional circumstances' for allowing Plaintiff to proceed anonymously or under a pseudonym."  Doc. 12 at 3.

The parties settled the case on March 22, 2024.  Doc. 17 at 1 n.2.  On March 28, plaintiff filed a Motion to Dismiss (Doc. 16) and, the next day, an Amended Motion to Dismiss (Doc. 17).  Both motions ask the court to vacate Magistrate Judge James's Memorandum and Order (Doc. 12) and dismiss for lack of jurisdiction.  In her Amended Motion to Dismiss, plaintiff contends that the "Court did not grant Plaintiff permission to use a pseudonym, and therefore lacks jurisdiction as the case was never properly commen[c]ed by Plaintiff."  Doc. 17 at 3.  On April 3, 2024—just five days after plaintiff's last Motion to Dismiss—plaintiff filed a Stipulation of Dismissal with Prejudice (Doc. 18) under Fed. R. Civ. P. 41(a)(1).  The court had not ruled plaintiff's Motions to Dismiss yet.  The court addresses them now.

The Tenth Circuit has determined that a "stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits."  *Xlear, Inc. v. Focus Nutrition, LLC*, 893 F.3d 1227, 1235 (10th Cir. 2018) (citation and internal quotation marks omitted).  That is, a "voluntary dismissal by stipulation under Rule 41(a)(1)(ii) is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court."  *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989).  And, in *Janssen v. Harris*, our Circuit agreed that a district court order granting a dismissal request after a Rule 41(a)(1) self-executing voluntary dismissal was "superfluous, a nullity, and without procedural effect[.]"  321 F.3d 998, 1000 (10th Cir. 2003) (internal quotation

marks omitted).  Indeed, *Janssen* counseled district courts that they "lose[] jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them."  *Id.* (internal quotation marks and citation omitted).

So, too, here.  The parties' Stipulation of Dismissal was self-executing and didn't require any action or discretion on the part of the court.  It took effect immediately on April 3, 2024, when plaintiff filed it.  For the court to rule plaintiff's Motions to Dismiss at this stage—after the self-executing voluntary dismissal—would be "superfluous, a nullity, and without procedural effect."  *Janssen*, 321 F.3d at 1000.  The plaintiff has dismissed the case already as "of right" under Rule 41(a)(1)(ii).  *Smith*, 881 F.2d at 904.  And so, the court complies with the rule in *Janssen*, decling to "issue further orders pertaining to [the merits]" here.  *Id.*  The court thus denies plaintiff's Motion to Dismiss (Doc. 16) and Amended Motion to Dismiss (Doc. 17) as mooted by plaintiff's filing of the Stipulation of Dismissal (Doc. 18).  The court simply lacks subject matter jurisdiction to decide them.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Dismiss (Doc. 16) and Amended Motion to Dismiss (Doc. 17) are denied as moot.

**IT IS SO ORDERED.**

**Dated this 19th day of April, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
